UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID S. QUAIR,

    Petitioner,

v.

GOVERNMENT CLAIMS BOARD PROGRAM PIU #811226,

    Respondent.

Case No. 18-cv-07340-YGR (PR)

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1] On December 5, 2018, this case was commenced when Petitioner, a state prisoner, filed a document captioned "Petition For A Writ of Habeas Corpus." Dkt. 1. The Court notes that the instant petition does not seem to challenge either the fact of Petitioner's conviction or the length of his sentence. Rather, it mostly pertains to the conditions of Petitioner's confinement. However, the Court need not further address this issue because this action is being dismissed, as explained below.

On the same day the action was filed, the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he paid the filing fee or filed a completed prisoner's *in forma pauperis* application. Dkt. 2. The Clerk also sent Petitioner a blank *in forma pauperis* application and told him that he must pay the fee or return the completed application within twenty-eight days or his action would be dismissed.

Thereafter, Petitioner filed *in forma pauperis* applications. Dkts. 4, 6. However, he did not file copies of the Certificate of Funds and prisoner trust account statement.

The twenty-eight-day deadline has passed, and Petitioner has not paid the filing fee or filed the requisite supporting documents.

IT IS HEREBY ORDERED THAT this action is DISMISSED WITHOUT PREJUDICE.

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

The Court notes that if Petitioner wishes to pursue any claims relating to his conditions of confinement, then Petitioner should take note that the dismissal is without prejudice to refiling as a civil rights action. Petitioner's *in forma pauperis* applications are DENIED as incomplete. Dkts. 4, 6. The Clerk shall terminate as moot all pending motions, including Petitioner's other remaining motions (dkts. 7, 9, 10), and close the file.

This Order terminates Docket Nos. 4, 6, 7, 9 and 10.

IT IS SO ORDERED.

Dated: February 26, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge